IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FRANKLIN CHIPPEWA, SR., | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-09-57-E-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| SHOSHONE-BANNOCK TRIBES | ) | |
| FORT HALL INDIAN RESERVA- | ) | |
| TION, IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |

The Court has *sua sponte* reconsidered its Initial Review Order (Docket No. 7) in which it granted Franklin Chippewa, Sr.'s ("Chippewa") application to proceed in forma pauperis, screened his Petition for Writ of Mandamus, and concluded that the Petition alleged facts sufficient to survive the screening required by 28 U.S.C. § § 1915(e)(2) and 1915A. Upon further reflection, the Court has determined that the Petition should be dismissed.

**Memorandum Decision and Order - 1**

## BACKGROUND

On July 5, 1996, Chippewa, an Indian, was involved in an automobile accident on the Fort Hall Indian Reservation while operating a vehicle under the influence of alcohol. *Superseding Indictment*. He was cited by the Fort Hall Police Department and charged in Shoshone-Bannock Tribal Court with illegal possession or consumption of alcohol under docket numbers CR-96-981 and CR-96-982 and being under the influence of alcohol under docket number TR-96-111. *PSR* ¶¶ 111 and 112. On September 20, 1996, following conviction on the three charges, he was sentenced to one year of jail on each charge to run consecutively to each other. *PSR* ¶ 112.

On May 20, 1997, in this Court, Chippewa was convicted of second degree murder, two counts of assault resulting in serious bodily injury, and two counts of possession of a firearm by a convicted felon, all arising out of the same automobile accident underlying the Tribal Court convictions. He was sentenced to 180 months in prison on the second degree murder count to run concurrently with the sentences in the remaining counts. No mention was made of the Tribal Court sentences, so the federal sentence and the Tribal Court sentences were deemed to run consecutively. *See* 18 U.S.C. § 3584. Chippewa unsuccessfully appealed his convictions. *See United States v. Chippewa, Sr.*, 141 F.3d 1180 (9th Cir.), *cert.*

Memorandum Decision and Order - 2

*denied*, 525 U.S. 849 (1998).

According to the exhibits attached to the Petition, on October 2, 1997, the Tribal Court lodged a detainer against Chippewa with the Bureau of Prisons. From July 2005 through September 2005, Chippewa wrote a series of letters to the Federal Defender's Boise and Pocatello offices regarding the detainer. In the July letter, he expressed the *hope* that the tribal charges would be dropped given the sentence in the federal case. By the September letter, he stated that he had been *told* that either the tribal charges would be dropped or that his tribal sentence would run concurrently with his federal sentence. [1]

In April of 2007, Chippewa filed a Writ of Habeas Corpus in the Tribal Court alleging violation of the Double Jeopardy Clause of the Indian Civil Rights Act, 25 U.S.C. §§ 1301-03, and violation of his liberty interests. On May 11, 2008, he voluntarily dismissed the proceeding and filed a motion in the Tribal Court to "consolidate" the three Tribal Court cases with the federal sentence. Essentially, he was asking that the Tribal Court sentences run concurrently with the federal sentence. He also moved for appointment of counsel. In October of 2008, he filed a motion in the Tribal Court requesting the status of the pending motions and that

---

[1] It is unclear whether the Federal Defender's office attempted to resolve the matter. If it did, it was unsuccessful.

**Memorandum Decision and Order - 3**

the detainer be dismissed. In his Petition, Chippewa alleges that the Tribal Court has never ruled on his motions.[2]

## DISCUSSION

Chippewa is seeking a writ of mandamus pursuant to 28 U.S.C. § 1651 to order the Tribal Court to respond to his pending motions to dismiss the detainer lodged against him and to run the Tribal Court charges concurrently with the federal sentence "as agreed upon." The Court cannot grant the requested relief.

Section § 1651, otherwise known as the All Writs Act, provides in relevant part:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).

The All Writs Act grants extraordinary relief in appropriate circumstances, but it is not a source of subject matter jurisdiction. *United States v. Denedo*, 129 S.Ct. 2213, 2222 (2009). *See also Hamilton v. Nakai*, 453 F.2d 152, 157 (9th Cir.

---

[2] According to the Probation Officer, Chippewa has completed his federal sentence and is now in the custody of the Tribal Court who has placed him temporarily in a 6-month residential treatment program. After the program is completed, he will finish the custody portion of his sentence.

**Memorandum Decision and Order - 4**

1972) (Section 1651(a) "does not confer original jurisdiction, but rather, prescribes the scope of relief that may be granted when jurisdiction otherwise exists.").

"The peremptory writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Will v. United States*, 389 U.S. 90, 95 (1967) (quoting *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943)).

An Indian tribe has jurisdiction to prosecute its members and enforce criminal sanctions for violating its laws. *United States v. Lara*, 541 U.S. 193, 197 (2004) (citing *United States v. Wheeler*, 435 U.S. 313, 318, 322-23 (1978) (superseded by statute on other grounds)). When it does so, it acts as a separate sovereign from the United States. Where an act violates the laws of two sovereigns, the offender may be prosecuted by both sovereigns without violating the Double Jeopardy Clause. *United States v. Enas*, 255 F.3d 662, 665-66 (9th Cir. 2001) (en banc) (citing examples of dual state and federal prosecutions based on the same conduct). *Cf. Shell Co. (P.R.), Ltd.*, 302 U.S. 253, 264 (1937) (Double Jeopardy Clause prohibits prosecutions based on same conduct by federal and territorial governments because they emanate from the same sovereignty).

*Lara, Wheeler, and Enas* clearly illustrate that tribal courts and courts of the

**Memorandum Decision and Order - 5**

United States each have separate jurisdiction to prosecute offenses against their respective sovereigns. A federal court does not have jurisdiction over a tribal court prosecution. Furthermore, a tribal court is not an inferior court to the federal court. Therefore, the Court cannot issue a writ of mandamus directing the Tribal Court to either act on Chippewa's motions or run three Tribal sentences concurrently with the now expired federal sentence.

Although the Court has not located any cases specifically holding that a federal court cannot issue a writ of mandamus to a Tribal Court, it is clear by analogy to cases addressing the issue in the context of state courts that it cannot. *See, e.g., Craigo v. Hey*, 624 F.Supp. 414, 416 (S.D.W.Va. 1985) (declining to issue a writ of mandamus finding that the Court had no original jurisdiction over a matter filed in state court and because it did not sit "as an appellate or supervisory tribunal" for the state court). *See also Harris v. Department of Corrections*, 426 F.Supp. 350 (D.C.Okl. 1977) (same; federal district courts do not sit to review actions taken in state court and do not have jurisdiction to compel a state or its officers to perform any duty owned to a plaintiff under state law). Accordingly, Chippewa's Petition shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Franklin Chippewa,

**Memorandum Decision and Order - 6**

Sr.'s Petition for Writ of Mandamus (Docket No. 1) is DISMISSED for lack of jurisdiction.

IT IS FURTHER HEREBY ORDERED that his Motion to Expedite (Docket No. 6) is MOOT.



DATED:  **November 9, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**